Robert MICHALOWSKI, Plaintiff,

v.

CSX TRANSPORTATION, INC.,
Defendant/Third Party
Plaintiff,

v.

Interstate Brands Corp. Third
Party Defendant.

No. 02–CV–58S.

United States District Court,
W.D. New York.

March 28, 2005.

Peter M. Jasen, Anita A. Czapeczka, Jasen & Jasen, P.C., Buffalo, NY, for Plaintiff.

J. Roy Nunn, J. Christine Chiriboga, Anspach, Serraino, Meeks & Nunn, LLP, Buffalo, NY, Richard F. Ellenberger, Toledo, OH, for Defendant.

Brian A. Birenbach, Joseph W. Dunbar, Damon & Morey LLP, Buffalo, NY, for Third Party Defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

1. This personal injury action arises from an incident that occurred on November 8, 1999, when a train engine, owned an operated by Defendant CSX Transportation, Inc., ("CSX"), collided with two parked train cars. Plaintiff, an employee of Defendant Interstate Brand Corporation ("IBC") who was working on the track, alleges that the collision caused him to be "thrown about," resulting in an injury to his back.

2. Plaintiff initially brought this action against Defendant CSX by filing a Complaint in New York State Supreme Court

in the County of Erie. On January 22, 2002, Defendant CSX removed this action to the United States District Court for the Western District of New York. Presently before this Court is Defendant CSX's Motion for Summary Judgment, which was filed on July 12, 2004.[1] This Court heard oral argument on October 28, 2004, and reserved decision at that time. For the following reasons, Defendant's motion is denied.

3. Defendant CSX moves for summary judgment on the basis that the opinion of Plaintiff's expert and treating physician, Dr. Cameron B. Huckell, lacks sufficient basis in fact to causally relate Plaintiff's back injury to the November 8, 1999 incident. Specifically, Defendant CSX argues that Dr. Huckell did not consider all of Plaintiff's relevant medical records and history before rendering his opinion that Plaintiff's back injury was caused solely by the November 8, 1999 accident. In particular, CSX argues that Dr. Huckell's opinion is unreliable because Dr. Huckell: (1) reviewed an August 1997 MRI report regarding Plaintiff's lumbar spine, but failed to review the MRI films upon which the report was based; (2) did not question Plaintiff about three prior back injuries, which Plaintiff reported on a screening questionnaire; and (3) determined causation before reviewing January 2000 MRI films of Plaintiff's lumbar spine. (Chiriboga Aff., ¶¶ 3–5).[2] Defendant CSX points out that its expert, Dr. Daniel A. Castellani, having reviewed all of Plaintiff's relevant medical records, found only age-related degenerative changes in Plaintiff's spine. (Chiriboga Aff., ¶ 6; Castellani Aff., ¶¶ 2–3).[3]

4. At the direction of this Court, Dr. Huckell reviewed the August 1997 MRI films of Plaintiff's lumbar spine, as well as MRI films taken in January of 2000 and July of 2003. Based on this review, Dr. Huckell reiterated his diagnosis that "Mr. Michalowski suffered a severe translational injury to both his neck and low back solely as a result of the 11/8/99 accident." (Huckell Aff., ¶ 7). While Dr. Huckell concedes that he did not initially review the August 1997 MRI films upon which the MRI report was based, he explained that "it is common and generally acceptable medical practice to rely on radiographic reports, especially if there is a negative finding by the radiologist," as there was in this case. (Huckell Aff., ¶ 5). Further, Dr. Huckell explained that he did not question Plaintiff regarding the prior back injuries reported in his screening questionnaire, because Plaintiff reported no history of continuing back problems. (Huckell Aff., ¶ 5).

5. Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A "genuine issue" exists "if the evidence is such that a

---

1. In support of its Motion, Defendant CSX has submitted a Rule 56 Statement, an Affidavit by Christine Chiriboga, a Memorandum of Law with numerous exhibits, and a Reply Affidavit by Christine Chiriboga. Plaintiff filed an Affidavit by Peter M. Jasen with numerous exhibits, an Affidavit by Cameron B. Huckell, and a Memorandum of Law in opposition to Defendant CSX's Motion for Summary Judgment.

2. Ms. Chiriboga's Affidavit appears at Docket No. 91.

3. Dr. Castellani's Affidavit is attached as Exhibit 2 to Defendant CSX's Memorandum of Law. (Docket No. 91).

reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.*

On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Santoro ex rel. Santoro v. Donnelly*, 340 F.Supp.2d 464, 483 (S.D.N.Y.2004). In deciding such a motion, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). Ultimately, the function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

■■■ 6. As an initial matter, this Court notes that while Defendant CSX argues that Dr. Huckell's opinion "is not the sort of evidence that is sufficient to establish good science," it has not moved to exclude Dr. Huckell's expert testimony under Rule 702 of the Federal Rules of Evidence or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786,

125 L.Ed.2d 469 (1993).[4] Further, this Court finds no compelling reason to do so. Dr. Huckell's *curriculum vitae* reflects that he is a Board-certified orthopedic surgeon duly licensed to practice in the State of New York, and is therefore qualified to offer expert testimony as to the cause of Plaintiff's injury. (*Huckell Aff.*, Ex. A). Moreover, the record reflects that Dr. Huckell, Plaintiff's treating physician since December of 1999, has now reviewed all of the relevant medical records relied upon by Dr. Castellani. As such, the basis of Dr. Huckell's medical opinion as to the cause of Plaintiff's injury is as reliable as Dr. Castellani's.

7. Based on the parties' submissions on this motion, in particular the affidavits of Dr. Huckell and Dr. Castellani, it appears that this Court is confronted with a classic "battle of the experts," in that two apparently qualified individuals have endorsed different opinions as to the cause of Plaintiff's back injury. Specifically, Dr. Huckell maintains that Plaintiff's injury was caused by the November 8, 1999 accident, and Dr. Castellani opines that Plaintiff's injury is strictly age-related. The question of which expert opinion is more persuasive is not a matter appropriately resolved at the summary judgment stage.

■■■ In the view of this Court, Dr. Huckell's subsequent review of the August 1997 and January 2000 MRI films rendered moot Defendant CSX's objection that Dr. Huckell's medical review was incomplete. Moreover, Defendant's CSX's

---

**4.** This Court is not persuaded that Dr. Huckell's failure to make a "differential diagnosis" renders his medical opinion inadmissible. The method of "differential diagnosis," which involves "considering all of the relevant potential causes of a plaintiff's symptoms and eliminating alternative causes based upon physical examination, clinical tests and thorough case history" may be essential in cases involving exposure to environmental toxins.

*Mancuso v. Consol. Edison Co. of New York, Inc.*, 967 F.Supp. 1437, 1446 (S.D.N.Y.1997). However, Dr. Huckell's failure to employ such exhaustive methods is not a proper basis for summary judgment in a case such as this. The probable causes of Plaintiff's injury are quite limited. The question presented here is a simple one: Was Plaintiff's back injury caused by the November 8, 1999 accident, or by age-related degenerative changes?

continuing objections to Dr. Huckell's methodology go to the weight of his opinion and not its admissibility. As the Second Circuit has held, "the weight of the evidence is a matter to be argued to the trier of fact." *Campbell ex rel. Campbell v. Metropolitan Prop. and Cas. Ins. Co.,* 239 F.3d 179, 186 (2d Cir.2001).

9. Accordingly, for the reasons stated above, this Court finds that there is a genuine issue as to whether Plaintiff's back injury was caused by the November 8, 1999 incident. As such, Defendant CSX is not entitled to summary judgment.

IT HEREBY IS ORDERED, that Defendant CSX's Motion for Summary Judgment (Docket No. 91) is DENIED.

SO ORDERED.